**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MATTHEW CODY BALL, # 131689,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:25-cv-00809** |
| | ) | |
| **JAMES BACHMAN, *et al.*,** | ) | **Judge Trauger** |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Matthew Ball, who is in custody of the Sumner County Jail in Gallatin, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). For the reasons below, this action will be dismissed.

### I.      FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

1

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Sumner County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

2

## II.     LEGAL STANDARD

The court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,'" such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

## III.     ALLEGATIONS AND CLAIMS

In the Complaint, Plaintiff alleges that he was arrested in his home without a warrant on May 1, 2024. (Doc. No. 1 at 7). Officers searched and seized Plaintiff's property, including his vehicle and iPad. (*Id.* at 7−8). Plaintiff's preliminary hearing was on June 10, 2024. (*Id.* at 8). Plaintiff asserts that Defendants' actions constituted unlawful search and seizure in violation of the Fourth Amendment, other constitutional provisions, and Tennessee state law. (*Id.* at 5).

## IV.     ANALYSIS

Tennessee's one-year statute of limitations applies to Plaintiff's Section 1983 claims. *See Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005); *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(1). And federal law federal law determines

"[t]he date on which the statute of limitations begins to run." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634−35 (6th Cir. 2007).

"[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *see King v. Harwood*, 852 F.3d 568, 578−79 (6th Cir. 2017) (same for claims of false imprisonment). Claims of unlawful search and seizure accrue on the date the alleged unlawful search and seizure occurred. *Harper v. Jackson*, 293 Fed. Appx. 389, 391 n.1 (6th Cir. 2008).

Here, Plaintiff's Section 1983 claims accrued, at the latest, on June 10, 2024, the date of his preliminary hearing, when he became detained pursuant to legal process. (Doc. No. 1 at 8). Plaintiff filed his complaint no earlier than July 10, 2025, more than a year later. (*Id.* at 17) (signature date "7/10/2025"). Plaintiff's constitutional claims are therefore untimely under Tennessee's one-year statute of limitations and will be dismissed.

The court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3). The court makes no finding regarding the timeliness or merit of those claims.

## V.     CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

This action is **DISMISSED**. Plaintiff's Section 1983 claims are **DISMISSED** as untimely. The court declines to exercise jurisdiction over Plaintiff's state-law claims.

Plaintiff's pending motions (Doc. Nos. 7, 8, 10) are **DENIED** as moot.

This Order denies all relief in this action. Final judgment **SHALL** issue in accordance with Rule 58(b)(1)(C) of the Federal Rules of Civil Procedure.

4

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

5